IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JIM DAYBERRY                                                                                          PLAINTIFF
ADC # 653942

v.                                         4:23-CV-01035-LPR-JTK

BRANDON LONG, et al.                                                                          DEFENDANTS

## ORDER

On July 22, 2024, Defendants Barton, Dodson, and Long (collectively, "Defendants") filed a Motion for Summary Judgment on the issue of exhaustion. (Doc. No. 29). The following day, the Court directed Jim Dayberry ("Plaintiff") to file a response to the Motion within 30 days. (Doc. No. 32). Plaintiff then sought additional time in which to respond. (Doc. No. 33). The Court granted Plaintiff's request, making his response due by September 23, 2024. (Doc. No. 34). Plaintiff did not file a response by the September 23 deadline. On October 7, 2024, the Court recommended that Defendants' Motion be granted. (Doc. No. 35). Plaintiff still had not filed a response by the time.

On October 10, 2024, Plaintiff filed a response to Defendants' Motion. (Doc. No. 36). The Court notes that Plaintiff's Response is dated October 6, 2024—after Plaintiff's September 23, 2024 deadline. On October 30, 2024 United States District Judge Lee P. Rudofsky referred this case back to the undersigned "for the purpose of determining (1) whether the late submission should be considered notwithstanding its lateness, and (2) if [so], whether the PFR requires revision based on the new alleged facts and legal argument." (Doc. No. 37).

A court may, upon motion and for good cause shown, extend a deadline after the deadline has run. FED. R. CIV. P. 6(b)(1)(B). "'[T]he following factors are particularly important: (1) the

possibility of prejudice to [defendants]; (2) the length of [the plaintiff's] delay and the possible impact of that delay on judicial proceedings; (3) [the plaintiff's] reasons for delay, including whether the delay was within [their] reasonable control; and (4) whether [the plaintiff] acted in good faith." Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010) (internal citation omitted). Here, Plaintiff did not request that his response be accepted late and did not explain the reason why his response was late.

The Court WITHDRAWS its Recommendation (Doc. No. 35) and the Clerk of the Court is directed to TERMINATE the associated Motion (Doc. No. 35). The Court will allow Plaintiff fourteen (14) days from the date of this Order to explain why the Court should accept his late response. No extensions to this deadline will be granted. Defendants have fourteen (14) days to set out any objections they may have to this Order.

IT IS SO ORDERED this 1st day of November, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE